UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DAWN ALGIERI, | ) |
| Plaintiff | ) |
| | ) 2:17-cv-00399-DBH |
| v. | ) |
| RANDALL JAMES, et al., | ) |
| Defendants | ) |

**RECOMMENDED DECISION AFTER SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)**

In this action, Plaintiff Dawn Algieri alleges there is "an assembly going on here underground," and makes various assertions regarding her family, the location at which she is evidently residing, her social security checks, and her property. Plaintiff filed an application to proceed in forma pauperis (ECF No. 3), which application the Court granted. (ECF No. 6.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint,[1] I recommend the Court dismiss the matter.

**STANDARD OF REVIEW**

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing

---

[1] After her initial filing, Plaintiff filed supplemental materials that are similar in nature to her complaint. (ECF Nos. 7 – 10.) For this Recommended Decision, I have considered the assertions made in the supplemental filings to be included in the complaint.

1

an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim, *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the federal district court can provide a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citation omitted). "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.,* 644 F.3d 62, 67 (1st Cir. 2011). A review of Plaintiff's complaint fails to reveal a basis upon which this Court could exercise either federal question jurisdiction or diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332.

Pursuant to section 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff's complaint does not assert a recognizable claim based on the United States Constitution, a federal statute, or a federal treaty. Accordingly, Plaintiff's complaint fails to state a claim within the Court's federal question jurisdiction.

Pursuant to section 1332, federal district courts also have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 … and is between citizens of different States." 28 U.S.C. § 1332(a)(1). In order for Plaintiff's claim to come within this Court's diversity jurisdiction, Plaintiff and all Defendants must have been citizens of different states on the date the complaint was filed. *Aponte–Dávila v. Municipality of Caguas*, 828 F.3d 40, 46 (1st Cir. 2016). Given that Plaintiff's filing

reflects that she resides in Portland, and that at least some of the defendants evidently reside in Maine, Plaintiff has failed to allege a claim within the Court's diversity jurisdiction.

Finally, Plaintiff's filings are difficult to comprehend, and the gravamen of Plaintiff's complaint is difficult to discern. As the United States Supreme Court has recognized, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32 – 33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327-28 (1989)). Consistent with this principle, this Court (Barbadoro, J., sitting by designation) recently dismissed as frivolous a complaint in which the plaintiff's allegations were "disjointed and largely conclusory, and frequently fail[ed] to identify who she allege[d] [was] liable to her for the harms claimed." *Buzzell v. Skowhegan Saving Bank*, No. 16-cv-00280-PJB, 2017 WL 149958, at *2 (D. Me. Jan. 13, 2017). Plaintiff's filings are similarly deficient. Plaintiff, therefore, has failed to assert an actionable claim.

## CONCLUSION

Based on the foregoing analysis, after a review in accordance with 28 U.S.C. § 1915(e)(2), I recommend the Court dismiss Plaintiff's complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 27th day of October, 2017.